UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DELIO TAVAREZ, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No.: |
| FAMILY DOLLAR STORES OF RHODE ISLAND, LLC. | ) |
|       Defendant. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Family Dollar Stores of Rhode Island, LLC. ("Defendant" or "Family Dollar") hereby gives notice of the removal of this action that is currently pending in the Superior Court of Rhode Island in Providence County, captioned Delio Tavarez v. Family Dollar Stores of Rhode Island, LLC, Civil Action No.: PC-2023-01825, to the United States District Court for the District of Rhode Island. As grounds for removal, Defendant states as follows:

1. Defendant removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. See 28 U.S.C. 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

1

## BACKGROUND

2. On or about April 20, 2023, Plaintiff Delio Tavarez ("Plaintiff") filed a complaint in the Rhode Island Superior Court for Providence County against naming Family Dollar Stores of Rhode Island, LLC as Defendant. See generally Plaintiff's Complaint ("Compl.").

3. Plaintiff alleges Defendant breached its duty of care by creating a dangerous condition by negligently maintaining the Defendant's premises such that "liquid existed on the premises for a sufficient period of time such that [Defendant] knew or should have known of its existence." See Compl. ¶ 11. Further, Plaintiff alleges that Defendant allowed this alleged condition to exist without a proper mat in place and without adequate precautions and warnings, causing Plaintiff to sustain injuries as a result of a slip and fall. Id. ¶ 11-12.

## TIMELINESS OF REMOVAL

4. Defendant was served with Plaintiff's Complaint on or about April 21, 2023. See Affidavit of Andrew Ferguson ("Ferguson Aff.") ¶ 2.

5. This Notice of Removal is timely because it is filed within thirty (30) days after the receipt by Defendant, through service or otherwise, of a copy of Plaintiff's Complaint. See 28 U.S.C. § 1446(b)(1); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (removal period triggered by service).

## DIVERSITY OF CITIZENSHIP

6. Complete diversity of citizenship exists in this matter because Defendant is a citizen of a different state than the Plaintiff. See U.S.C. § 1332(a).

7. Plaintiff Delio Tavarez alleges he is an individual residing in the State of Rhode Island. See Compl. ¶ 1. Plaintiff, therefore, is a citizen of Rhode Island for diversity purposes.

8. At the time of the filing of the Complaint, defendant Family Dollar Stores of Rhode Island, LLC was, and currently is, a limited liability company formed under the laws of Rhode Island with its principal place of business at 500 Volvo Parkway, Chesapeake, VA 23320. Defendant Family Dollar Stores of Rhode Island, LLC is therefore not a citizen of Rhode Island for diversity purposes.

9. There is complete diversity between Plaintiff and Defendant in this action because Plaintiff is a citizen of the State of Rhode Island and Defendant is not a citizen of the State of Rhode Island. See 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

10. Plaintiff's allegations create a reasonable expectation that the amount in controversy will exceed the minimum of $75,000.00 required to meet the jurisdictional amount threshold. See C.E. Design, Ltd. V. Am. Econ. Inc. Co., 755 F.3d 39, 43 (1st Cir. 2014).

11. According to Plaintiff's Complaint, Plaintiff sustained "severe, debilitating and permanent personal injuries to his body and has endured continued pain, anguish, and discomfort." Compl. ¶ 12. Additionally, Plaintiff alleges he sustained "great pain of body, impairment of his lifestyle, great expenses for medical care and other harm." Id. at 15.

12. In a pre-suit settlement demand, Plaintiff alleges he suffered a large retracted traumatic tear of his rotator cuff muscles within his right shoulder which required repair. Plaintiff also alleged that he suffered contusions in his right shoulder, right elbow, and right chest wall, and has a 3% impairment of his right shoulder which will require additional therapy in the future.

13. When, as in this matter, the complaint does not claim a specific amount of damages, removal from state court pursuant to diversity jurisdiction is proper if it is facially apparent

from the complaint that the amount in controversy exceeds the jurisdictional requirement. See Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 220-21 (D.N.H. 2004). In situations where the "facially apparent" test is not met, the district court can require parties to submit summary judgment-type evidence, relevant to the amount in controversy at the time of removal. Id.

14. Our office has conducted jury verdict research and has found reported settlements and verdicts in the First Circuit of awards in excess of $75,000.00 in cases involving an injured shoulder (labrum tear) and arm pain.

15. Moreover, Plaintiff himself contends that his damages are in excess of $75,000.00. Specifically, in a phone conversation on April 25, 2022, Plaintiff's counsel would not stipulate that the alleged damages are $75,000.00 or less. See Ferguson Aff. ¶ 3; see Hogan v. Wal-Mart Stores East, L.P., No. 13-603S, 2014 WL 66658 at * 6 (D.R.I. Jan. 8, 2014) (plaintiff's refusal to stipulate to damages of $75,000 or less prior to removal is "some evidence tipping the scale in favor of federal jurisdiction"). This is all in addition to a demand letter submitted to Defendant by Plaintiff, and dated January 12, 2023, in which Plaintiff is seeking $300,000.00 for the alleged injuries. See Ferguson Aff. ¶ 3.

16. Therefore, the injuries that Plaintiff alleges were sustained, the treatment sought, and the damages claimed are sufficient to establish a reasonable probability that the amount in controversy exceeds $75,000.00. See Bassi v. Krochina, 2012 U.S. Dist. LEXIS 63232 * 9 (D.N.H. May 3, 2012) (quoting Gomes v. Midland Funding, LLC, 839 F. Supp. 2d 417, 419 (D.N.H. 2012) ("defendants must show a 'reasonable probability' that the amount in controversy exceeds $75,000").

**ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

17. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendant is filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

18. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches all process, pleadings and orders that have been filed or served by Plaintiff and filed, served or received by the Defendant in this action as Exhibit A. See 28 U.S.C. § 1446(a).

19. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Rhode Island, as the Complaint in this action was filed in the Superior Court of Rhode Island, Providence County.

20. Defendant will give written notice of the filing of this Notice of Removal to all other parties, and will file a copy of this Notice of Removal with the Clerk of the Rhode Island Superior Court for Providence County, as required by 28 U.S.C. § 1446(d).

21. In removing this action, Defendant does not intend to waive any rights or defenses which it is otherwise entitled to under the Federal Rules of Civil Procedure or applicable state or federal law.

22. Based upon the record submitted with this Notice, this Court has jurisdiction over the Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendant Family Dollar Stores of Rhode Island, LLC respectfully requests this action proceed in the United States District Court for the District of Rhode Island, as an action properly removed from state court.

        Respectfully Submitted,
        Defendant,
        Family Dollar Stores of Rhode Island, LLC
        By its attorney,

/s/ *Andrew Ferguson*

Andrew R. Ferguson, RI Bar No. 8403
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
aferguson@coughlinbetke.com

## **CERTIFICATE OF SERVICE**

I, Andrew R. Ferguson, do hereby certify that on this 9th day of May 2023, I filed a copy of the within documents via the ECF system and served a copy of the same to all counsel of record via email to:

Jeffrey D. Sowa, Esq. #5764
Michael J. Jacobs, Esq. #7480
Laplante Sowa Goldman
78 Kenwood Street
Cranston, RI 02907
jsowa@lsglaw.com
mjacobs@lglaw.com

/s/ *Andrew Ferguson*

Andrew R. Ferguson

6