PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2023-01825

| Delio Tavarez | § | Location: | **Providence/Bristol County Superior Court** |
| v. | § | | |
| **Family Dollar Stores of Rhode Island, LLC** | § | Filed on: | **04/20/2023** |
| | § | | |

---

### CASE INFORMATION

**Statistical Closures**
05/15/2023   Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Personal Injury**

Case Status: **05/15/2023   Closed**

Case Flags: **Claim for Jury Trial**

---

| DATE | CASE ASSIGNMENT |
| --- | --- |
| | **Current Case Assignment** |
| | Case Number          PC-2023-01825 |
| | Court                Providence/Bristol County Superior Court |
| | Date Assigned        04/20/2023 |

---

### PARTY INFORMATION

| Plaintiff | **Tavarez, Delio** | *Lead Attorneys*<br>**SOWA, JEFFREY D.**<br>*Retained*<br>4012730200 x102(W) |
| --- | --- | --- |
| Defendant | **Family Dollar Stores of Rhode Island, LLC** | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
| --- | --- |
| | **EVENTS** |
| 05/15/2023 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 05/15/2023 | Case Removed to US District Court |
| 05/11/2023 | Notice of Removal<br>*USDC Rhode Island record* |
| 05/10/2023 | Other Document<br>*Filing requires complaint filed in the Federal Court to be attached with federal case number* |
| 05/09/2023 | Notice of Removal<br>*NOTICE OF FILING NOTICE OF REMOVAL* |
| 04/20/2023 | Summons |
| 04/20/2023 | Complaint Filed<br>*Complaint* |



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Delio Tavarez                            vs. Family Dollar Stores of Rhode Island, LLC

Federal Court Case No. 1:23-cv-00188        State Court Case No. PC-2023-01825

**Record Information**

Confidential:        Yes ☐    No ☑    Description: _____

Sealed documents:    Yes ☐    No ☑    Description: _____

**Certification**

I, Carol A. MacLean _____, Clerk of the Rhode Island Superior Court for the County of
Providence _____ do certify that the attached documents are all the documents
included in the record in the above referenced case.

Date: 05/15/2023

Clerk of Court
/s/ Carol A. MacLean, Admin Clerk
By Deputy Clerk

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 5:46 PM
Envelope: 4104953
Reviewer: Victoria H

Case 1:23-cv-00238-WES-LDA Document 1 Filed 05/09/23 Page 3 of 34 PageID #: 27

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| DELIO TAVAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | |
| FAMILY DOLLAR STORES | ) | |
| OF RHODE ISLAND, LLC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Family Dollar Stores of Rhode Island, LLC. ("Defendant" or "Family Dollar") hereby gives notice of the removal of this action that is currently pending in the Superior Court of Rhode Island in Providence County, captioned <u>Delio Tavarez v. Family Dollar Stores of Rhode Island, LLC,</u> Civil Action No.: PC-2023-01825, to the United States District Court for the District of Rhode Island. As grounds for removal, Defendant states as follows:

I.    Defendant removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. <u>See</u> 28 U.S.C. 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

1

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 5:46 PM
Envelope: 4104953
Reviewer: Victoria H

Case 1:23-cv-00188-WES-LDA   Document 1   Filed 05/09/23   Page 4 of 34 PageID #: 28

## BACKGROUND

2.     On or about April 20, 2023, Plaintiff Delio Tavarez ("Plaintiff") filed a complaint in the

Rhode Island Superior Court for Providence County against naming Family Dollar Stores

of Rhode Island, LLC as Defendant.  See generally Plaintiff's Complaint ("Compl.").

3.     Plaintiff alleges Defendant breached its duty of care by creating a dangerous condition by

negligently maintaining the Defendant's premises such that "liquid existed on the premises

for a sufficient period of time such that [Defendant] knew or should have known of its

existence." See Compl. ¶ 11.  Further, Plaintiff alleges that Defendant allowed this alleged

condition to exist without a proper mat in place and without adequate precautions and

warnings, causing Plaintiff to sustain injuries as a result of a slip and fall. Id. ¶ 11-12.

## TIMELINESS OF REMOVAL

4.     Defendant was served with Plaintiff's Complaint on or about April 21, 2023.  See Affidavit

of Andrew Ferguson ("Ferguson Aff.") ¶ 2.

5.     This Notice of Removal is timely because it is filed within thirty (30) days after the receipt

by Defendant, through service or otherwise, of a copy of Plaintiff's Complaint.   See 28

U.S.C. § 1446(b)(1); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S.

344, 348 (removal period triggered by service).

## DIVERSITY OF CITIZENSHIP

6.     Complete diversity of citizenship exists in this matter because Defendant is a citizen of a

different state than the Plaintiff.  See U.S.C. § 1332(a).

7.     Plaintiff Delio Tavarez alleges he is an individual residing in the State of Rhode Island.

See Compl. ¶ 1.  Plaintiff, therefore, is a citizen of Rhode Island for diversity purposes.

2

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 5:46 PM
Envelope: 4104953
Reviewer: Victoria H

Case 1:23-cv-00238-WES-LDA Document 4 Filed 06/09/23 Page 5 of 34 PageID #: 29

8.     At the time of the filing of the Complaint, defendant Family Dollar Stores of Rhode Island, LLC was, and currently is, a limited liability company formed under the laws of Rhode Island with its principal place of business at 500 Volvo Parkway, Chesapeake, VA 23320. Defendant Family Dollar Stores of Rhode Island, LLC is therefore not a citizen of Rhode Island for diversity purposes.

9.     There is complete diversity between Plaintiff and Defendant in this action because Plaintiff is a citizen of the State of Rhode Island and Defendant is not a citizen of the State of Rhode Island.  See 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

10.    Plaintiff's allegations create a reasonable expectation that the amount in controversy will exceed the minimum of $75,000.00 required to meet the jurisdictional amount threshold. See C.E. Design, Ltd. V. Am. Econ. Inc. Co., 755 F.3d 39, 43 (1st Cir. 2014).

11.    According to Plaintiff's Complaint, Plaintiff sustained "severe, debilitating and permanent personal injuries to his body and has endured continued pain, anguish, and discomfort." Compl. ¶ 12.  Additionally, Plaintiff alleges he sustained "great pain of body, impairment of his lifestyle, great expenses for medical care and other harm."  Id. at 15.

12.    In a pre-suit settlement demand, Plaintiff alleges he suffered a large retracted traumatic tear of his rotator cuff muscles within his right shoulder which required repair. Plaintiff also alleged that he suffered contusions in his right shoulder, right elbow, and right chest wall, and has a 3% impairment of his right shoulder which will require additional therapy in the future.

13.    When, as in this matter, the complaint does not claim a specific amount of damages, removal from state court pursuant to diversity jurisdiction is proper if it is facially apparent

3

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 5:46 PM
Envelope: 4104953
Reviewer: Victoria H

Case 1:23-cv-00188-WES-LDA Document 1 Filed 05/09/23 Page 6 of 34 PageID #: 30

from the complaint that the amount in controversy exceeds the jurisdictional requirement. See Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 220-21 (D.N.H. 2004). In situations where the "facially apparent" test is not met, the district court can require parties to submit summary judgment-type evidence, relevant to the amount in controversy at the time of removal. Id.

14.     Our office has conducted jury verdict research and has found reported settlements and verdicts in the First Circuit of awards in excess of $75,000.00 in cases involving an injured shoulder (labrum tear) and arm pain.

15.     Moreover, Plaintiff himself contends that his damages are in excess of $75,000.00. Specifically, in a phone conversation on April 25, 2022, Plaintiff's counsel would not stipulate that the alleged damages are $75,000.00 or less. See Ferguson Aff. ¶ 3; see Hogan v. Wal-Mart Stores East, L.P., No. 13-603S, 2014 WL 66658 at * 6 (D.R.I. Jan. 8, 2014) (plaintiff's refusal to stipulate to damages of $75,000 or less prior to removal is "some evidence tipping the scale in favor of federal jurisdiction"). This is all in addition to a demand letter submitted to Defendant by Plaintiff, and dated January 12, 2023, in which Plaintiff is seeking $300,000.00 for the alleged injuries. See Ferguson Aff. ¶ 3.

16.     Therefore, the injuries that Plaintiff alleges were sustained, the treatment sought, and the damages claimed are sufficient to establish a reasonable probability that the amount in controversy exceeds $75,000.00. See Bassi v. Krochina, 2012 U.S. Dist. LEXIS 63232 * 9 (D.N.H. May 3, 2012) (quoting Gomes v. Midland Funding, LLC, 839 F. Supp. 2d 417, 419 (D.N.H. 2012) ("defendants must show a 'reasonable probability' that the amount in controversy exceeds $75,000").

4

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 5:46 PM
Envelope: 4104953
Reviewer: Victoria H

Case 1:23-cv-00188-WES-LDA Document 1 Filed 05/09/23 Page 6 of 34 PageID #: 31

## **ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

17.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendant is filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

18.     Pursuant to 28 U.S.C. § 1446(a), Defendant attaches all process, pleadings and orders that have been filed or served by Plaintiff and filed, served or received by the Defendant in this action as Exhibit A. See 28 U.S.C. § 1446(a).

19.     Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Rhode Island, as the Complaint in this action was filed in the Superior Court of Rhode Island, Providence County.

20.     Defendant will give written notice of the filing of this Notice of Removal to all other parties, and will file a copy of this Notice of Removal with the Clerk of the Rhode Island Superior Court for Providence County, as required by 28 U.S.C. § 1446(d).

21.     In removing this action, Defendant does not intend to waive any rights or defenses which it is otherwise entitled to under the Federal Rules of Civil Procedure or applicable state or federal law.

22.     Based upon the record submitted with this Notice, this Court has jurisdiction over the Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendant Family Dollar Stores of Rhode Island, LLC respectfully requests this action proceed in the United States District Court for the District of Rhode Island, as an action properly removed from state court.

Respectfully Submitted,
Defendant,
Family Dollar Stores of Rhode Island, LLC
By its attorney,

5

/s/ *Andrew Ferguson*

Andrew R. Ferguson, RI Bar No. 8403
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
aferguson@coughlinbetke.com

## **CERTIFICATE OF SERVICE**

I, Andrew R. Ferguson, do hereby certify that on this 9th day of May 2023, I filed a copy of the within documents via the ECF system and served a copy of the same to all counsel of record via email to:

Jeffrey D. Sowa, Esq. #5764
Michael J. Jacobs, Esq. #7480
Laplante Sowa Goldman
78 Kenwood Street
Cranston, RI 02907
jsowa@lsglaw.com
mjacobs@lglaw.com

/s/ *Andrew Ferguson*

Andrew R. Ferguson

6

| STATE OF RHODE ISLAND | SUPERIOR COURT |
|---|---|
| PROVIDENCE, SC | |

|  |  |  |
|---|---|---|
| DELIO TAVAREZ, | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs** | : | **C.A. No.** |
| | : | |
| FAMILY DOLLAR STORES OF RHODE | : | |
| ISLAND, LLC, | : | |
| **Defendant.** | : | |

## COMPLAINT

## PARTIES AND JURISDICTION

1.      Plaintiff Delio Tavarez ("Tavarez"), was at all times material hereto a resident of the City of Providence, County of Providence, State of Rhode Island.

2.      Upon information and belief, Defendant Family Dollar Stores of Rhode Island, Inc. ("Family Dollar") is Virginia entity with its principal place of business located in Chesapeake, Virginia and is registered to conduct business in the State of Rhode.

3.      The amount in controversy is sufficient to establish the jurisdiction of this Court.

## FACTS

4.      Tavarez repeats, re-alleges and incorporates by reference each and every allegation herein pleaded.

5.      At all times material hereto, Family Dollar owned, maintained, managed, operated and/or controlled the Family Dollar Store #6864 located at 1515 Broad Street, Providence, Rhode Island (the "Premises").

6.      At all times material hereto, Family Dollar and/or its agents was responsible for the maintenance, care, custody, and control of the Premises.

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 4/20/2023 11:21 AM
Envelope: 4075116
Reviewer: Carol M.

7.      On or about October 30, 2021, Tavarez was lawfully on the Premises when he entered the Premises with a dangerous condition then existing on the Premises, namely, a wet floor, caused him to slip and fall, resulting in severe and permanent injuries.

## COUNT I - Negligence

8.      Tavarez repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

9.      Family Dollar and/or its agents owed Tavarez a duty of care to exercise reasonable care for his safety as an individual reasonably expected to enter the Premises.

10.     Family Dollar's duty included an obligation to refrain from creating a dangerous condition and/or to protect Tavarez against the risks of a dangerous condition existing at or on the Premises once the Defendants had actual or constructive notice of the same.

11.     Family Dollar and/or its agents breached its duty of care to Tavarez by its actions in creating a dangerous condition and/or carelessly and negligently maintaining the Premises such that liquid existed on the Premises for a sufficient period of time such that they knew, or should have known of its existence and the hazard that it created, resulting in Tavarez's slip and fall.

12.     Family Dollar and/or its agents further breached its duty in negligently allowing the dangerous condition to exist without a proper mat in place and without any adequate precautions, warnings and/or security.

13.     The incident and resulting injuries to Tavarez were caused by the negligence of Family Dollar and/or its agents, without any negligence on the part of Tavarez.

14.     As a direct and proximate cause of Family Dollar's breach of its duty of care, Tavarez sustained severe, debilitating and permanent personal injuries to his body and has endured continued pain, anguish and discomfort.

2

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 4/20/2023 8:46 PM
Envelope: 4075116
Reviewer: Carol M.

15.     As a further result of Family Dollar's negligence, Tavarez sustained severe personal injuries, great pain of body, impairment of his lifestyle, and has incurred great expenses for medical care, medical treatment, and has suffered other harm.

**WHEREFORE**, the Plaintiff Delio Tavarez, respectfully requests that this Honorable Court:

1.     Grant judgment in favor of the Plaintiff and against the Defendants, on all counts contained in the Plaintiff's Complaint;

2.     Award the Plaintiff compensatory damages;

3.     Award the Plaintiff his attorney's fees, costs, and interest; and

4.     Grant such other and further relief as this Honorable Court deems just and proper.

<u>**JURY CLAIM**</u>

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL AS TO ALL TRIABLE ISSUES OF RIGHT.**

Plaintiff,
Delio Tavarez,
By his Attorneys,

/s/ *Jeffrey D. Sowa*
Jeffrey D. Sowa, Esquire #5764
Michael J. Jacobs, Esquire #7480
LaPlante Sowa Goldman
78 Kenwood Street
Cranston, Rhode Island 02907
Telephone (401) 273-0200
Facsimile (401) 273-0250
Email: *jsowa@lsglaw.com*
         *mjacobs@lglaw.com*

Dated: <u>April 20, 2023</u>

3

Case 1:23-cv-00189-WES-LDA Document 1-2 Filed 05/09/23 Page 12 of 34 PageID #: 36

# STATE OF RHODE ISLAND

PROVIDENCE, SC

SUPERIOR COURT
PC-2023-01825

_____  )
                           )
DELIO TAVAREZ             )
                           )
                           )
VS.                       )
                           )
FAMILY DOLLAR STORES      )
OF RHODE ISLAND, LLC      )
_____  )

## NOTICE OF FILING NOTICE OF REMOVAL

To the clerk of the above-referenced court:

Please note that this matter has been removed to the United States District Court for the District of Rhode Island.

Respectfully submitted,
Defendant,
FAMILY DOLLAR STORES OF
RHODE ISLAND, LLC,
By its attorneys,


*/s/ Andrew R. Ferguson*
Andrew R. Ferguson, BBO# 8403
Coughlin Betke LLP
175 Federal Street – Suite 1450
Boston, MA 02110
Tel: 617-988-8050
Fax: 617-988-8005
aferguson@coughlinbetke.com

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 6:46 PM
Envelope: 4104953
Reviewer: Victoria H

## **CERTIFICATE OF SERVICE**

I, Andrew R. Ferguson, do hereby certify that on this 9th day of May 2023, I filed and served a copy of the foregoing document through the court's electronic filing system to the following:

Jeffrey D. Sowa, Esq. #5764
Michael J. Jacobs, Esq. #7480
Laplante Sowa Goldman
78 Kenwood Street
Cranston, RI 02907
jsowa@lsglaw.com
mjacobs@lglaw.com


/s/ *Andrew Ferguson*

_____

Andrew R. Ferguson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DELIO TAVAREZ,                          )
                                        )
              Plaintiff,                )
                                        )
v.                                      )        Civil Action No.:1:23-cv-00188
                                        )
FAMILY DOLLAR STORES.                   )
OF RHODE ISLAND, LLC                    )
                                        )
              Defendant.                )
                                        )

## AFFIDAVIT OF ANDREW R. FERGUSON

I, Andrew R. Ferguson, do hereby depose and state as follows:

1.    I am an attorney at the law firm of Coughlin Betke LLP and am licensed to practice law in
      the State of Rhode Island and admitted to practice in the United States District Court for
      the District of Rhode Island. I represent Defendant Family Dollar Stores of Rhode Island,
      LLC ("Defendant") in this matter, and I submit this affidavit in support of Defendant's
      Notice of Removal.

2.    On April 21, 2023, Defendant was served with Plaintiff's Complaint.

3.    In a phone conversation on April 25, 2022, Plaintiff counsel has represented that he is not
      opposed to the removal of this case while also declining to stipulate to Plaintiff's damages
      being less than $75,000. In further support, and attached as **Exhibit A** is a demand letter
      submitted to Defendant dated January 12, 2023, in which Plaintiff claims to have sustained
      a permanent impairment of his right shoulder and will require future treatment. Plaintiff
      also made a demand in the amount of $300,000.

Signed under the Pains and Penalties of Perjury this 9th day of May 2022.

                                        /s/ *Andrew Ferguson*
                                        _____
                                        Andrew R. Ferguson, NH Bar No. 266197
                                        Coughlin Betke LLP
                                        175 Federal Street
                                        Boston, MA 02110

1

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 6:46 PM
Envelope: 4104953
Reviewer: Victoria H

(617) 988-8050
aferguson@coughlinbetke.com

2



**LSG**

LaPlante Sowa Goldman
ATTORNEYS AT LAW

January 12, 2023

**VIA ELECTRONIC MAIL &**
       **FACSIMILE (1-704-423-6241)**

Ms. Katherine Parise
Sedgwick
PO Box 14436
Lexington, KY 40512

| | | |
|---|---|---|
| **RE:** | **Our Client:** | **Delio Tavarez** |
| | **Your Insureds:** | **Dollar Tree Stores, Inc.** |
| | **Claim No.:** | **4A2110AX9YJ-0001** |
| | **DOI:** | **10/30/2021** |

Dear Ms. Parise:

      As you are aware, this office represents Mr. Delio Tavarez, ("Mr. Tavarez"), with respect to the severe and permanent injuries that he sustained on October 30, 2021, as a result of a slip and fall that occurred while at the Family Dollar Store, ("Family Dollar"), located 1515 Broad Street in Providence, Rhode Island. As Mr. Tavarez was entering the store, he slipped and fell on a wet floor at or near the store's entrance. It is apparent that Family Dollar failed to place any mats and/or carpeting in the area of Mr. Tavarez's fall to absorb the water, and also failed to place any warning signs in the area, to alert Mr. Tavarez of the wet floor. Rather, Family Dollar, through its employees and/or agents, haphazardly placed newspapers and/or Family Dollar flyers, over the entranceway in an apparent attempt to absorb the water. Given its failed attempt to absorb the water, it is apparent that the Family Dollar had notice of the water's existence on the floor of the entranceway prior to, and at the time of Mr. Tavarez's fall, yet failed to take any steps to remove the water and/or warn of its existence. Moreover, following his fall, Mr. Tavarez observed an employee of Family Dollar placing more newspapers and/or flyers on the floor in the area of his fall.

      As you know, to prevail on a slip and fall case in Rhode Island, a plaintiff "must present evidence of an unsafe condition on the premises of which the defendant was aware or should have been aware, and that the condition existed for a long enough time so the owner of the premises should have taken steps to correct the condition." *Bromaghim v. Furney*, 808 A.2d 615, 617 (R.I. 2002). *See Voccola v. Stop & Shop Supermarket Co.*, LLC, 209 A.3d 558, 560-561 (R.I. 2019). In addition, when a plaintiff brings forth evidence that a landowner or his agent caused the unsafe condition, constructive notice of the condition may be presumed. See *Mead v. Papa Razzi Restaurant*, 840 A.2d 1103, 1107 (R.I. 2004). In this case, Family Dollar Store owed a duty to Mr. Tavarez to protect him against the risks of the dangerous condition existing on the floor of the store, namely, the accumulation of water once it knew of its existence or by the

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 6:46 PM
Envelope: 4104953
Reviewer: Victoria H

Case 1:23-cv-00490-MSM-LDA Document 1-4 Filed 05/09/23 Page 2 of 27 PageID #: 41

exercise of reasonable care would have discovered it. *See Id*. The imposition of this duty against Family Dollar Store "rests firmly on the landowner's possession of the premises and his or her attendant right and obligation to control the premises." *See Phelps v. Hebert*, 93 A.3d 942, 947 (R.I. 2014). In this case, Family Dollar Store and/or its agents were not only aware of the hazard, but they <u>created</u> the dangerous condition, as they haphazardly placed newspapers over the entranceway in an apparent attempt to absorb the water.

### INJURIES/MEDICAL TREATMENT

As a result of his fall, Mr. Tavarez sustained a large retracted traumatic tear of his supraspinatus and infraspinatus rotator cuff muscles within his right shoulder. Unfortunately, he failed conservative treatment and on March 16, 2022, he underwent an arthroscopic rotator cuff repair, with 2 x 2 fixation of his supraspinatus tendon with posterior margin convergence, which was performed by Dr. Alford. Dr. Alford has causally related Mr. Tavarez's injury and his subsequent treatment to his fall on October 30, 2021. In addition, given Mr. Tavarez's current limitations, Dr. Alford has opined that Mr. Tavarez has a 3% permanent impairment of his right shoulder, and will likely require additional physical therapy in the future.

| Provider | Dates of Treatment | Amount |
|---|---|---|
| Garden City Treatment Center | 10/31/2021 11/16/2021 | $600.00 |
| Garden City Rehabilitation Center LLC 1150 Reservoir Avenue Cranston, RI 02920 | 11/11/2021 – 5/24/2022 7/7/2022 – 7/21/2022 | $8,635.82 |
| XRA Medical Imaging | 12/4/2021 (MRI right shoulder) | $1,335.00 |
| Ortho Rhode Island | 1/13/2022 | $422.00 |
| | 3/7/2022 | $424.00 |
| | 3/16/2022 | $5,043.75 |
| | 3/23/2022 | $92.00 |
| | 4/20/2022 | NO CHARGE |
| | 6/15/2022 | $225.00 |
| | 8/10/2022 | $153.00 |
| | 9/23/2022 | $153.00 |
| | 11/15/2022 | $225.00 |
| East Side Clinical Laboratory | 2/2/2022 | $193.00 |
| | 3/8/2022 | $193.00 |
| | 7/6/2022 | $107.00 |

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 6:46 PM
Envelope: 4104953
Reviewer: Victoria H

Case 1:23-cv-00190-LDA Document 1-4 Filed 05/09/23 Page 3 of 18 PageID #: 42

| **Narragansett Bay Anesthesia** | 3/16/2022 | $2,647.00 |
|---|---|---|
| | TOTAL: | $20,448.57 |

Based upon the foregoing, demand is hereby made on behalf of Mr. Tavarez in the amount of Three Hundred Thousand Dollars, ($300,000.00).

This demand will remain open for a term of thirty (30) days at which time it will be revoked, and we will pursue all legal remedies available to protect the interests of our clients.

Please contact me upon receipt of this correspondence so we may discuss a possible resolution of this matter. Thank you.

Very truly yours,

Heather M. Spellman

HMS/smr
Enclosures



Case 1:23-cv-00188-WES-LDA Document 1-6 Filed 05/03/23 Page 1 of 2 PageID #: 44

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DELIO TAVAREZ

## DEFENDANTS

FAMILY DOLLAR STORES OF RHODE ISLAND, LLC

**(b)** County of Residence of First Listed Plaintiff   PROVIDENCE COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   CHESAPEAKE, VA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jeffrey D. Sowa, Esq.   (401) 273-0200
LaPlante Sowa Goldman   jsowa@lsglaw.com
78 Kenwood Street
Cranston, RI 02907

Attorneys *(If Known)*

Andrew R. Ferguson   (617) 988-8050
Coughlin Betke LLP   aferguson@coughlinbetke.com
175 Federal Street
Boston, MA 02110

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, 1446

Brief description of cause:
Slip and fall causing personal injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
>$75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE     DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 05/09/2023 | /s/ Andrew R. Ferguson |

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 8:46 PM
Envelope: 4104953
Reviewer: Victoria H

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.     **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 8:46 PM
Envelope: 4104953
Reviewer: Victoria H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DELIO TAVAREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.:1:23-cv-00188 |
| v. ) | |
| ) | |
| FAMILY DOLLAR STORES ) | |
| OF RHODE ISLAND, LLC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT, FAMILY DOLLAR STORES OF RHODE ISLAND, LLC'S RULE 7.1 DISCLOSURE STATEMENT

Pursuant to Rule 7.I of the Federal Rules of Civil Procedure, Defendant Family Dollar Stores of Rhode Island, LLC, hereby states as follows:

I.      Family Dollar Stores of Rhode Island LLC is a foreign limited liability company organized under the laws of the Commonwealth of Virginia, with its principal place of business located at 500 Volvo Parkway, Chesapeake, VA 23320.

2.      The sole member of Family Dollar Stores of Rhode Island, LLC is Family Dollar, LLC. Family Dollar, LLC is a foreign limited liability company organized under the laws of North Carolina, with its principal place of business located at 500 Volvo Parkway, Chesapeake, VA 23320.

3.      The sole member of Family Dollar, LLC is Family Dollar Stores Holdings, LLC. Family Dollar Stores Holdings, LLC is a foreign limited liability company organized under the

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 6:46 PM
Envelope: 4104953
Reviewer: Victoria H

Case 1:23-cv-00188-WES-LDA Document 2 Filed 05/08/23 Page 2 of 34 PageID #: 47

laws of Virginia, with its principal place of business located at 500 Volvo Parkway, Chesapeake, VA 23320.

4.      The sole member of Family Dollar Stores Holdings, LLC is Family Dollar Stores, LLC. Family Dollar Stores, LLC is a foreign limited liability company organized under the laws of Delaware, with its principal place of business located at 500 Volvo Parkway, Chesapeake, VA 23320.

5.      The sole member of Family Dollar Stores, LLC is Dollar Tree Stores, Inc. Dollar Tree Stores, Inc. is a corporation incorporated in Virginia with its principal place of business located in Virginia.

6.      The parent of Dollar Tree Stores, Inc. is Dollar Tree, Inc. Dollar Tree, Inc. is a publicly-traded corporation incorporated and headquartered in Virginia. No public company owns 10 percent or more of Dollar Tree, Inc.'s stock.

                                        Respectfully Submitted,
                                        Defendant,
                                        Family Dollar Stores of Rhode Island, LLC
                                        By its attorney,

                                        /s/ *Andrew Ferguson*

                                        _____
                                        Andrew R. Ferguson, RI Bar No. 8403
                                        Coughlin Betke LLP
                                        175 Federal Street
                                        Boston, MA 02110
                                        (617) 988-8050
                                        aferguson@coughlinbetke.com

2

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 6:46 PM
Envelope: 4104953
Reviewer: Victoria H

Case 1:23-cv-00181-LDA  Document 2  Filed 05/09/23  Page 3 of 3  PageID #: 48

## **CERTIFICATE OF SERVICE**

I, Andrew R. Ferguson, do hereby certify that on this 9th day of May 2023, I filed a copy of the within documents via the ECF system and served a copy of the same to all counsel of record via email to:

Jeffrey D. Sowa, Esq. #5764
Michael J. Jacobs, Esq. #7480
Laplante Sowa Goldman
78 Kenwood Street
Cranston, RI 02907
jsowa@lsglaw.com
mjacobs@lglaw.com


/s/ *Andrew Ferguson*

_____
Andrew R. Ferguson

3

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 5/11/2023 6:46 PM
Envelope: 4104953
Reviewer: Victoria H

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

Delio Tavarez
Plaintiff,

v.                                          Case No.: 1:23−cv−00188−WES−LDA

Family Dollar Stores of Rhode Island, LLC
Defendant.

## CASE OPENING NOTICE − NOTICE OF REMOVAL FROM STATE COURT

The above−captioned case has been removed pursuant to 28 U.S.C. § 1441. The above case number and caption should be used on all papers subsequently submitted to this Court. Any motion pending with the state court at the time of the removal must be refiled with this Court for consideration.

Within 14 days after filing the notice of removal, the defendant(s) filing the notice of removal shall do whatever is necessary to enable the clerk of the state court to assemble and electronically transmit a certified copy of the docket sheet and all documents filed in the case being removed.

It is the responsibility of the defendant(s) to ensure that the state court record is filed with the Court. The clerk of the state court will not electronically transmit the record until the defendant(s) provide written notice to all adverse parties and file a copy of such notice with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

Pursuant to LR Gen 201(b)(3), an attorney who is a member of the bar of the Rhode Island Supreme Court, and who represents a party in a case removed pursuant to 28 U.S.C. § 1441 *et seq* other than a party joining in the removal request, may appear and practice in this Court in that case, unless that attorney has been suspended or disbarred as a member of the bar of this Court.

Attorneys who are not members of the bar of this Court but who are permitted to appear and practice in this Court pursuant to the provisions of LR Gen 201(b)(3) must request electronic filing privileges through Public Access to Court Electronic Records (PACER) prior to filing any documents electronically using the Court's CM/ECF system. Register for an Attorney Filer Account.

Dockets, opinions, rules forms, the court calendar and general notices can be obtained from the Courtr's website at www.rid.uscourts.gov. Parties should specifically review the notice(s) listed below:

Notice of Electronic Availability of Case Information

Notice to Counsel and *Pro Se* Litigants

 

If you wish to inquire about your case by telephone, please contact the case manager at the direct extension listed below.

May 10, 2023                                            Hanorah Tyer–Witek, Clerk of Court

U.S. District Court
for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903
Case Manager: Nissheneyra Urizandi 401–752–7214

# STATE OF RHODE ISLAND

PROVIDENCE, SC

SUPERIOR COURT
PC-2023-01825

| | |
|---|---|
| DELIO TAVAREZ | ) |
| | ) |
| | ) |
| VS. | ) |
| | ) |
| FAMILY DOLLAR STORES | ) |
| OF RHODE ISLAND, LLC | ) |

## **NOTICE OF FILING NOTICE OF REMOVAL**

To the clerk of the above-referenced court:

Please note that this matter has been removed to the United States District Court for the District of Rhode Island.

Respectfully submitted,
Defendant,
FAMILY DOLLAR STORES OF
RHODE ISLAND, LLC,
By its attorneys,

*/s/ Andrew R. Ferguson*
Andrew R. Ferguson, BBO# 8403
Coughlin Betke LLP
175 Federal Street – Suite 1450
Boston, MA 02110
Tel: 617-988-8050
Fax: 617-988-8005
aferguson@coughlinbetke.com

# CERTIFICATE OF SERVICE

I, Andrew R. Ferguson, do hereby certify that on this 9th day of May 2023, I filed and served a copy of the foregoing document through the court's electronic filing system to the following:

Jeffrey D. Sowa, Esq. #5764
Michael J. Jacobs, Esq. #7480
Laplante Sowa Goldman
78 Kenwood Street
Cranston, RI 02907
jsowa@lsglaw.com
mjacobs@lglaw.com


/s/ *Andrew Ferguson*

_____

Andrew R. Ferguson



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2023-01825 |
| **Plaintiff**<br>Delio Tavarez<br>v.<br>Family Dollar Stores of Rhode Island, LLC<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Jeffrey D. Sowa |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>LAPLANTE SOWA GOLDMAN<br>78 KENWOOD STREET<br>CRANSTON RI 02907 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>222 Jefferson Boulevard Suite 200<br>Warwick RI 02888 |

**TO THE DEFENDANT, Family Dollar Stores of Rhode Island, LLC:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 4/20/2023. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff**<br>Delio Tavarez<br> v.<br>Family Dollar Stores of Rhode Island, LLC<br>**Defendant** | **Civil Action File Number**<br>PC-2023-01825 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Family Dollar Stores of Rhode Island, LLC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____
_____

SERVICE DATE: _____/_____/_____          SERVICE FEE $_____
            Month   Day      Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                      Notary Public: _____

                      My commission expires: _____

                      Notary identification number: _____

Page 2 of 2

SC-CMS-I (revised November 2022)

Case 1:23-CV-00188-WES-LDA    Document 4    Filed 05/15/23    Page 32 of 34 PageID #: 56

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, SC**

| | | |
|---|---|---|
| **DELIO TAVAREZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs** | : | **C.A. No.** |
| | : | |
| **FAMILY DOLLAR STORES OF RHODE** | : | |
| **ISLAND, LLC,** | : | |
| **Defendant.** | : | |

## COMPLAINT

## PARTIES AND JURISDICTION

1.      Plaintiff Delio Tavarez ("Tavarez"), was at all times material hereto a resident of the City of Providence, County of Providence, State of Rhode Island.

2.      Upon information and belief, Defendant Family Dollar Stores of Rhode Island, Inc. ("Family Dollar") is Virginia entity with its principal place of business located in Chesapeake, Virginia and is registered to conduct business in the State of Rhode.

3.      The amount in controversy is sufficient to establish the jurisdiction of this Court.

## FACTS

4.      Tavarez repeats, re-alleges and incorporates by reference each and every allegation herein pleaded.

5.      At all times material hereto, Family Dollar owned, maintained, managed, operated and/or controlled the Family Dollar Store #6864 located at 1515 Broad Street, Providence, Rhode Island (the "Premises").

6.      At all times material hereto, Family Dollar and/or its agents was responsible for the maintenance, care, custody, and control of the Premises.

Case Number: PC-2023-01825
Filed in Providence/Bristol County Superior Court
Submitted: 4/20/2023 11:21 AM
Envelope: 4075116
Reviewer: Carol M.

1:23-CV-00188-WES-LDA    Document 4    Filed 05/15/23    Page 33 of 34 PageID #: 57

7.      On or about October 30, 2021, Tavarez was lawfully on the Premises when he entered the Premises with a dangerous condition then existing on the Premises, namely, a wet floor, caused him to slip and fall, resulting in severe and permanent injuries.

## COUNT I - Negligence

8.      Tavarez repeats, re-alleges, and incorporates by reference each and every allegation herein pleaded.

9.      Family Dollar and/or its agents owed Tavarez a duty of care to exercise reasonable care for his safety as an individual reasonably expected to enter the Premises.

10.      Family Dollar's duty included an obligation to refrain from creating a dangerous condition and/or to protect Tavarez against the risks of a dangerous condition existing at or on the Premises once the Defendants had actual or constructive notice of the same.

11.      Family Dollar and/or its agents breached its duty of care to Tavarez by its actions in creating a dangerous condition and/or carelessly and negligently maintaining the Premises such that liquid existed on the Premises for a sufficient period of time such that they knew, or should have known of its existence and the hazard that it created, resulting in Tavarez's slip and fall.

12.      Family Dollar and/or its agents further breached its duty in negligently allowing the dangerous condition to exist without a proper mat in place and without any adequate precautions, warnings and/or security.

13.      The incident and resulting injuries to Tavarez were caused by the negligence of Family Dollar and/or its agents, without any negligence on the part of Tavarez.

14.      As a direct and proximate cause of Family Dollar's breach of its duty of care, Tavarez sustained severe, debilitating and permanent personal injuries to his body and has endured continued pain, anguish and discomfort.

2

15.     As a further result of Family Dollar's negligence, Tavarez sustained severe personal injuries, great pain of body, impairment of his lifestyle, and has incurred great expenses for medical care, medical treatment, and has suffered other harm.

**WHEREFORE**, the Plaintiff Delio Tavarez, respectfully requests that this Honorable Court:

1.      Grant judgment in favor of the Plaintiff and against the Defendants, on all counts contained in the Plaintiff's Complaint;

2.      Award the Plaintiff compensatory damages;

3.      Award the Plaintiff his attorney's fees, costs, and interest; and

4.      Grant such other and further relief as this Honorable Court deems just and proper.

## <u>JURY CLAIM</u>

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL AS TO ALL TRIABLE ISSUES OF RIGHT.**

Plaintiff,
Delio Tavarez,
By his Attorneys,

/s/ *Jeffrey D. Sowa*
Jeffrey D. Sowa, Esquire #5764
Michael J. Jacobs, Esquire #7480
LaPlante Sowa Goldman
78 Kenwood Street
Cranston, Rhode Island 02907
Telephone (401) 273-0200
Facsimile (401) 273-0250
Email: *jsowa@lsglaw.com*
        *mjacobs@lglaw.com*

Dated: <u>April 20, 2023</u>